# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

FILED BY _____ D.C.
05 AUG -1   AM 11:00
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

## U. S. A. vs. CHRISTOPHER BYRNE

Docket No. _____ 2:01CR20019-02

### Petition on Probation and Supervised Release

**COMES NOW** Willie S. Williams, Jr. , **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Christopher Byrne , who was placed on supervision by the Honorable Julia Smith Gibbons sitting in the Court at Memphis, Tennessee , on the 11th day of October, 2002, who fixed the period of supervision at three (3) years* , and imposed the general terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

1. The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the Probation Office for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer.

2. The defendant shall make restitution in the amount of $200.00.

\*    **Effective Date of Supervision: January 18, 2005.**

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**(SEE ATTACHED)**

**PRAYING THAT THE COURT WILL ORDER** that a **SUMMONS** be issued for Christopher Byrne to appear before the United States District Court to answer charges of Supervised Release violations.

### ORDER OF COURT

Considered and ordered this 31st day of July, 2005, and ordered filed and made a part of the records in the above case.

_____
United States District Judge

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 8-1-05

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on July 14, 2005

_____
Senior United States Probation Officer

Place: Memphis, TN

167

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall not commit another Federal, state, or local crime.**

On February 18, 2005, Mr. Byrne was arrested by the Southaven, Mississippi Police Department on a warrant charging Felony Shoplifting. According to a court affidavit, on or about February 17, 2005, Mr. Byrne and Kevin Lee Smith entered a Walmart Store where they took various digital cameras, camcorders, and camera accessories having a total value of $4,993.75. On March 30, 2005, Mr. Byrne waived his rights to a Preliminary Hearing and was Bound Over to the Desoto County, Mississippi Grand Jury.  He is released on a $75,000.00 bond.

On March 2, 2005, Mr. Byrne and Kevin Lee Smith were arrested by Officers of the Bartlett, Tennessee Police Department on charges of Vandalism Under $500.00 and Theft Over $500.00. According to investigative reports, between January 31, 2005 and February 1, 2005, a plasma television valued at $2,994.00, along with a number of miscellaneous electronics were taken from a Walmart Store in Bartlett, Tennessee. The thefts were recorded on the store's video. On May 2, 2005, Mr. Byrne was Held to State on the above charges. He was released on a $5,000.00 bond.

On March 30, 2005, Mr. Byrne was arrested by the Southaven, Mississippi Police Department on a warrant charging Felony Shoplifting. According to investigative reports, on or about February 9, 2005, Mr. Byrne along with Kevin Lee Smith unlawfully took various merchandise to include assorted electronics, domestic, furniture, and hardware items valued at over $5,000.00,  from a Southaven, Mississippi Walmart Store. On June 2, 2005, Mr. Byrne was indicted on the charge of Felony Shoplifting by the Desoto County, Mississippi Grand Jury. He is released ROR.

**The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**

Mr. Byrne was arrested on February 18, 2005 and March 30, 2005 in Southaven, Mississippi on charges of Felony Shoplifting. He was again arrested on March 2, 2005 in Bartlett, Tennessee on charges of Vandalism Under $500.00 and  Theft Over $500.00.  Kevin Lee Smith, a co-defendant in each of the above cases, is also a convicted felon.

VIOLATION WORKSHEET

1. **Defendant**   Christopher Byrne (Address: 6317 Rockledge Cove, Bartlett, TN 38135)

2. **Docket Number (Year-Sequence-Defendant No.)**   2:01CR20019-02

3. **District/Office**   Western District of Tennessee (Memphis)

4. **Original Sentence Date**   10 / 11 / 2002
   month  day  year

*(If different than above):*

5. **Original District/Office**

6. **Original Docket Number (Year-Sequence-Defendant No.)**

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| • New Criminal Conduct of Felony Shoplifting | B |
| • New Criminal Conduct of Vandalism Under 500.00 | C |
| • New Criminal Conduct of Theft Over 500.00 | B |
| • New Criminal Conduct of Felony Shoplifting | B |
| • Association with a convicted felon | C |
| • | |

8. **Most Serious Grade of Violation (see §7B1.1(b))**   B

9. **Criminal History Category (see §7B1.4(a))74**   VI

10. **Range of imprisonment (see §7B1.4(a))**   | 21 - 24 | months |
    Restricted Guideline
    18 USC §3583(e) authorizes a maximum sentence of 24 months

11. **Sentencing Options for Grade B and C Violations Only (Check the appropriate box):**

{ }   (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

{ }   (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

{ X}   (c)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Defendant**      Christopher Byrne

---

12.    **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____ $200.00 _____        Community Confinement _____ N/A _____

Fine ($) _____ N/A _____        Home Detention _____ N/A _____

Other _____ N/A _____        Intermittent Confinement _____ N/A _____

13.    **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: _____ N/A _____ to _____ N/A _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

14.    **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

15.    **Official Detention Adjustment {see §7B1.3(e)}:** _____ months _____ days

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 167 in case 2:01-CR-20019 was distributed by fax, mail, or direct printing on August 1, 2005 to the parties listed.

Stephen C. Parker
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT